IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYCE L. WADE, | ) |
| | ) |
|         Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-CV-480-SMY |
| | ) |
| WARDEN WILLIAMS, | ) |
| | ) |
|         Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Tyce L. Wade filed this habeas corpus action under 28 U.S.C. § 2241 to challenge the application of a predicate offense that resulted in a sentencing enhancement. For the following reasons, the Petition is **DISMISSED**.

**Factual and Procedural Background**

In 2017, Wade pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, distribution of methamphetamine, and possession with intent to distribute methamphetamine. *United States of America v. Tyce L. Wade*, 17-cr-40013-JPG-1 (Doc. 22) (S.D. Ill. Jun. 14, 2017). As part of the plea agreement, Wade waived his right to "seek modification of or contest any aspect of the conviction or sentence in any type of proceeding." He also acknowledged two prior drug felonies that had resulted in a total of almost a decade of incarceration. *United States of America v. Tyce L. Wade*, 17-cr-40013-JPG-1 (Doc. 23) (S.D. Ill. Jun. 14, 2017).

Wade was assessed a criminal history category of V, and the advisory sentencing guidelines range was calculated as 262-327 months. (*Id.*) On September 21, 2017, he was sentenced to 292 months of imprisonment on all three counts, to run concurrently. *United States*

of America v. Tyce L. Wade, 17-cr-40013-JPG-1 (Doc. 30) (S.D. Ill. Sep. 21, 2017).  There is no indication in the docket that Wade filed a direct appeal of his conviction or a 28 U.S.C. § 2255 petition.

## Discussion

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary review, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases, including actions filed pursuant to 28 U.S.C. § 2241.

Here, Wade asserts that his "predicates no longer apply" and that the "length of sentence of [his] predicate offences [sic] no longer apply for such lengthy sentence enhancements" (Doc. 1).  He does not explain why his appeal waiver does not bar this collateral attack on his sentence nor does he cite any caselaw in support of this assertion.[1]  He acknowledges that he did not pursue a direct appeal and has not filed a petition under 28 U.S.C. § 2255 to challenge the validity of his sentence (Doc. 1, pp. 3-4).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence to bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. See, Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003).  Until recently, the law of this Circuit permitted petitioners to employ 28 U.S.C. § 2241 to challenge their conviction and sentence via a "savings clause" in 28 U.S.C. § 2255(e).  More specifically, pursuant to § 2241,

---

[1] Petitioner checks the box for a 28 U.S.C. § 2255 petition as well (Doc. 1, p. 4).  However, a § 2255 petition would not survive preliminary review as it is untimely; Petitioner did not directly appeal his conviction and his criminal judgment was entered on September 22, 2017.  USA v. Wade, 17-cr-40013-JPG-1 (Doc. 33) (S.D. Ill. Sep. 22, 2017). See, 28 U.S.C. § 2255(f).

petitioners could challenge sentencing enhancements if intervening statutory cases demonstrated errors in their conviction or sentencing that were grave enough to be deemed miscarriages of justice. *In re Davenport,* 147 F.3d 605, 610-11 (7th Cir. 1998). However, the Supreme Court recently closed the door on that possibility, holding that "the saving clause does not authorize such an end-run [on § 2255]" and that § 2241 may only be employed "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." See, *Jones v. Hendrix*, 599 U.S. ____ (2023), No. 21-857, slip op. at pp. 9-11 (Sup. Ct. June 22, 2023).

Because Wade presents no circumstances that made it impossible or impracticable for him to seek relief in the sentencing court nor a challenge other than a collateral attack on his sentencing, his Petition will be dismissed.

## Disposition

Petitioner Tyce L. Wade's 28 U.S.C. § 2241 Petition is **DISMISSED** with prejudice. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Wade to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within the appropriate time period for his case, as provided in Federal Rule of Appellate Procedure 4(a). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment; this deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose

to appeal and is allowed to proceed IFP, he may be required to pre-pay a portion of the $505.00 appellate filing fee, commensurate with his ability to pay. *Walker v. O'Brien,* 216 F.3d 626, 638 n.5 (7th Cir. 2000); FED. R. APP. P. 3(e).

**IT IS SO ORDERED.**

**DATED: June 28, 2023**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**